UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JENNIFER LEE TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-019-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jennifer Townsend has filed a second motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Record No. 17] Townsend filed this action on January 27, 2025, claiming that the ALJ's decision denying disability benefits was not supported by substantial evidence. [Record No. 1] After the plaintiff filed a brief supporting her claims, the defendant filed an unopposed motion to remand her case to the Social Security Administration for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g). [Record Nos. 10 and 12] The Court granted the motion to remand. [Record No. 13]

The parties initially filed a proposed agreed order for EAJA attorney fees, requesting that $6,800.00 for attorney's fees and $405.00 for the filing fee be paid to plaintiff's counsel. [Record No. 15] However, that motion was denied because it did not demonstrate that Townsend was eligible to receive an award nor did it provide an itemized account of the time attorney David Chermol and his firm expended on the matter. *Id.*

1

The plaintiff responded with a second motion, requesting that her attorney be compensated at the rate of $235.00 per hour for 32 hours of work, which would result in $7,520.00 in attorney's fees. [*See* Record No. 17-1.] However, the parties have agreed to a reduced amount of $6,800.00 (reflecting a $212.50 hourly rate) and $405.00 in costs under the EAJA. *Id.*

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." § 2412(d)(2)(A). A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)). The party also must allege that the United States' position was not substantially justified. *Id.*

Based on the defendant's actions, Townsend is a "prevailing party" under the statute because her case was remanded under sentence four of 42 U.S.C. § 405(g). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA.")). And she is eligible to receive an award under the EAJA because her "net worth did not exceed $2,000,000 at the time the civil action was filed." *See* § 2412(d)(2)(B); [Record

2

No. 17]. Further, David Chermol has provided an itemized account of the time spent on this case. [Record No. 17-1] Finally, by stipulating to attorney fees under the EAJA, the United States concedes that its position was not substantially justified.

The 32 hours claimed is consistent with what would be expected in this case and therefore is reasonable and compensable under the EAJA. Plaintiff's counsel drafted a brief in support of Townsend's position before the matter was remanded. [Record Nos. 10 and 12] In addition, the requested hourly rate of $235.00 (and agreed hourly rate of $212.50) per hour is reasonable for this type of case, particularly considering counsel's background and experience. *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491 (6th Cir. 2021) (finding a range of comparable hourly market rates between $205 and $500). Accordingly, the plaintiff will be awarded $6,800.00 for attorney's fees and $405.00 for costs, totaling $7,205.00.

The parties agree that Townsend has assigned her right to EAJA fees to her attorney, but it is unclear whether Townsend owes any debt that is subject to a government offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(A). Accordingly, if, after receiving the Court's order, the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the defendant may make fees payable to the plaintiff's attorney.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Jennifer Townsend's unopposed motion for attorney fees and costs [Record No. 17] is **GRANTED**. Townsend is awarded $6,800.00 in attorney fees and $405.00 in costs, for a total of $7,205.00, under the Equal Access to Justice Act.

Dated: July 14, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky

4